**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

CRIMINAL ACTION NO. 3:03CR-91-H

**FILED**
Jeffrey A. Apperson, Clerk

**NOV 1 6 2005**

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA                                PLAINTIFF

V.

DEVIN DANEHY                                            DEFENDANT

## JURY INSTRUCTIONS

**MEMBERS OF THE JURY**:

Now that you have heard all the evidence and the argument of the attorneys, it is my duty

to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the Government has proved beyond a reasonable doubt

the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence

presented here during the trial; and you must not be influenced in any way by either sympathy,

prejudice, or bias for or against the defendant or the Government.  Justice through trial by jury

must always depend upon the willingness of each individual juror to seek the truth from the

evidence presented and to apply that truth to the legal instructions I shall give you.

You must follow the law as I explain it to you whether you agree with the law or not; and

you must follow all of my instructions as a whole.  You may not single out, or disregard, any of

the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. The defendants are presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court. You may consider only the evidence that I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding

2

upon you.

In considering the evidence you may draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which reason and common sense lead you to make.

In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Remember, witnesses are not the property of either defendant or the Government; they merely give testimony which you should consider. Concentrate on that, not the numbers.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

3

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.

In this case, the indictment charges seven (7) separate offenses called "counts."  The number of charges is not evidence of guilt, and this should not influence your decision in any way.  The defendant is on trial only for the particular crimes charged in the indictment.  It is your duty to consider separately the evidence that relates to each charge, and to return a separate verdict for each charge.  For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.  Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

INSTRUCTION NO. 1

In each count of the Superseding Indictment, Defendant is charged with a violation of

Title 15, United States Code, Section 78j(b) and 17 C.F.R. 240-10b-5, by engaging, in each

instance, in a type of securities fraud known as insider trading.  For you to find Defendant guilty

of the crime of securities fraud, as charged in the Counts One through Seven of the Superseding

Indictment, you must be convinced that the Government has proved each of the following **four**

elements beyond a reasonable doubt:

**One:**  Defendant knowingly employed any device, scheme, or artifice to defraud.  In this

case, the Government alleges that the device, scheme, or artifice to defraud is that Defendant

engaged in insider trading.  As applied here, the Government must prove beyond a reasonable

doubt that Defendant, while an employee of Tricon, willfully traded in securities of Tricon on the

basis of material, nonpublic information.  To trade "on the basis of" information means to

actually make use of the information.  The ultimate success or failure of the scheme, that is, the

profitability of Defendant's actions is not a conclusive fact one way or another.  To act

"willfully" means to act knowingly and purposely, with intent to do something the law forbids,

that is with bad purpose to disobey or disregard the law.  Information is "material" if there is a

substantial likelihood that a reasonable investor would consider it important enough to

significantly alter the total mix of information available.  Information is "nonpublic" if it is not

generally available to the investing public.

**Two:**  Defendant did so in connection with the purchase or sale of the securities

specifically described in each count of the Superseding Indictment.

**Three:** In connection with this purchase or sale Defendant made use of or caused the use

5

of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange.

**Four:** Defendant acted with intent to defraud. "Intent to defraud," in the context of the securities laws, means to act knowingly and with intent to deceive in order to obtain money or something of value. To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

To find Defendant guilty on any specific count, you must be convinced that the Government has proved each of these elements as applied to one of the transactions of that count as set forth in Instruction No. 3.

INSTRUCTION NO. 2

The following additional definitions apply to the terms contained in Instruction No. 1.

The term "interstate commerce" as used in these instructions means trade or commerce in securities or any transportation or communication relating to such trade or commerce among the several states. This element may be established if the Government proves beyond a reasonable doubt that any means of instrumentality of interstate transportation or communication, including the mails, or the facilities of a national securities exchange were, in fact, used in the scheme or that such use was reasonably foreseeable. It is sufficient for the Government to prove that Defendant set forces in motion which foreseeably resulted in such use. The matter, material, or information mailed, transported, or communicated need not itself contain a fraudulent representation or request money, but must be part of the overall scheme.

The term "security" means any note, stock, treasury stock, bond, debenture, and includes options or privileges on any security, certificate of deposit, or group or index of securities (including any interest therein or based on the value thereof).

A "device" is an invention, a contrivance, or the result of some plan or design. A "scheme" is a design or plan formed to accomplish some purpose. An "artifice" is an ingenious contrivance or plan of some kind. There is nothing about terms "device", "scheme", or "artifice" which in themselves imply anything fraudulent. The terms are plain English words that are neutral.

7

INSTRUCTION NO. 3

To find Defendant guilty of the allegations contained in any one Count of the Superseding

Indictment, the Government must prove each of the elements described in Instruction No. 1

beyond a reasonable doubt as those elements apply to the following charged conduct:

**Count 1**: On or about July 22, 1998, Defendant purchased 46 January 030 Tricon call

options and 20 August 035 Tricon call options.

**Count 2**: On or about August 17, 1998, Defendant purchased 30 January 030 Tricon call

options and 28 September 030 Tricon call options.  On or about August 18, 1998, Defendant

purchased 5 August 030 Tricon call options and 27 August 035 Tricon call options.

**Count 3**: On or about August 28, 1998, Defendant purchased 42 April 040 Tricon call

options.  On or about September 3, 1998, Defendant purchased 50 April 040 Tricon call options.

On or about September 4, 1998, Defendant purchased 50 April 040 Tricon call options.

**Count 4:** On or about September 10, 1998, Defendant purchased 35 October 040 Tricon

call options.

**Count 5:** On or about October 7, 1998, Defendant purchased 39 October 040 Tricon call

options.  On or about October 8, 1998, Defendant purchased 20 November 40 Tricon call

options.  On or about October 9, 1998, Defendant purchased 34 November 040 Tricon call

options.

**Count 6:** On or about January 13, 1999, Defendant purchased 300 July 055 Tricon call

options.  On or about January 15, 1999, Defendant purchased 10 February 050 Tricon call

options.  On or about January 21, 1999, Defendant purchased 290 February 050 Tricon call

options and 20 July 055 Tricon call options.  On or about January 22, 1999, Defendant purchased

8

120 July 055 call options and 100 July 055 Tricon call options.  On or about February 2, 1999, Defendant purchased 85 July 055 Tricon call options.

**Count 7:** On or about April 16, 1999, Defendant purchased 495 May 075 Tricon call options.  On or about April 19, 1999, Defendant purchased 490 May 075 Tricon call options.  On or about April 20, 1999, Defendant purchased 120 May 070 Tricon call options.  On or about April 26, 1999, Defendant purchased 500 May 070 Tricon call options.  On or about April 27, 1999, Defendant purchased 370 May 070 Tricon call options.

If you believe from the evidence that the Government has proved each element as to a specific count beyond a reasonable doubt, say so by entering a guilty verdict as to that count on the verdict form.  If not, say so by entering a not guilty verdict on the verdict form.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

To find the defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the Government has proved the defendant guilty, then it will be my job

to decide what the appropriate punishment should be.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.  Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your number to act as your foreperson.  The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience.  You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which set forth the verdict with respect to each count in the case.  You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:03CR-91-H

UNITED STATES OF AMERICA                                       PLAINTIFF

V.

DEVIN A. DANEHY                                                DEFENDANT

**VERDICT FORM**

We, the jury, find Defendant, Devin A. Danehy,

On Count 1        _____        _____
                  Guilty                   Not Guilty

On Count 2        _____        _____
                  Guilty                   Not Guilty

On Count 3        _____        _____
                  Guilty                   Not Guilty

On Count 4        _____        _____
                  Guilty                   Not Guilty

On Count 5        _____        _____
                  Guilty                   Not Guilty

On Count 6        _____        _____
                  Guilty                   Not Guilty

On Count 7        _____        _____
                  Guilty                   Not Guilty

_____

FOREPERSON


Date: _____